UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,    )    No. 26-mj-71 (MJD/JFD)
                              )
              Plaintiff,      )
                              )    **WILLIAM VERMIE'S MOTION TO**
       v.                     )    **DISMISS FOR LACK OF PROBABLE**
                              )    **CAUSE**
WILLIAM VERMIE,               )
                              )
              Defendant.      )


William Vermie, by and through his attorney, moves this Court, to dismiss the information for lack of probable cause.

On January 13, 2026, Immigration and Customs Enforcement employees were conducting a deportation operation in Minneapolis. Law enforcement officers created a line in front of a residence as an individual was escorted out of the house by ICE. An ICE employee alleges that while he was standing in the line Mr. Vermie ran up to the line of law enforcement officers in an aggressive manner. The original felony criminal complaint alleges that the ICE employee commanded Mr. Vermie to get back. (ECF No. 1-1 at 3). The complaint goes on to allege that, "instead, VERMIE struck the DO's hand in a forcible downward motion. The DO repeated the command for Vermie to retreat and outstretched his arms again. Vermie again struck the DO." (ECF No. 1-1 at 3).

When the ICE employee was interviewed later that day by a Homeland Security Investigations employee, the ICE employee was asked to explain what happened. He told HSI that as he stood in the line with law enforcement he saw an individual run toward the crowd and push his way through the crowd. The ICE employee described the actions as,

1

"you know when a child runs up and like pops himself in front of you like Hey, he did that." The interviewing HSI employee then stated, "You pushed him because he's within your arm's length, right?" The ICE employee answered, "Yes." It was a result of the push by the ICE employee that Mr. Vermie allegedly "swatted" the ICE employee's hand away. The ICE employee then reported that he did the same sequence again and Mr. Vermie allegedly "swatted" the ICE employee's hand away again. After the second alleged "swat" by Mr. Vermie the ICE employee took Mr. Vermie to the ground to effectuate an arrest. The Ice employee was not injured.

Mr. Vermie recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 19). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

One, that the defendant forcibly assaulted, in this case an Immigration and Customs Enforcement employee;

Two, the assault was done voluntarily and intentionally; and

Three, at the time of the assault, the Immigration and Customs Enforcement employee was doing what he was employed by the federal government to do.

2

An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.

"Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such a case, the threat must be a present one.

In this case, there is no evidence that Mr. Vermie committed an assault to the "person of another". There is simply no evidence the Government can produce in this case that establishes probable cause that any ICE employee suffered an injury or that a reasonable law enforcement officer would have been in fear of immediate bodily harm. Mr. Vermie recognizes that he is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1). At the motion hearing Mr. Vermie will offer evidence in the form of an audio interview of the ICE employee to support his motion.

3

Dated:  March 13, 2026.                    Respectfully submitted,

*s/ Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Mr. Vermie
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415