UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-71 (MJD/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM VERMIE,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Zain Abid, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Failure to State an Offense (ECF No. 24). The Government opposes this motion for the reasons set forth below.

Vermie moves to dismiss the information under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), alleging that the charging instrument is defective because it "fails to state an offense." (ECF No. 24) The Government objects to Vermie's motion for the reasons set forth below.

Under the Federal Rules of Criminal Procedure, an information must be a "plain, concise, and definite written statement of the essential facts

constituting the offense charged…" Fed. R. Crim. P. 7(c). An information is legally sufficient if it contains the elements of the offense, informs the defendant of the charges, and enables the defendant to plead an acquittal or conviction as a bar to any future prosecution for the same offense. *United States v. Tebeau*, 713 F.3d 955 (8th Cir. 2013); *United States v. LaTourell, et al.,* No. 20-MJ-0687 (WMW/LIB), 2021 WL 2177595 (D. Minn. May 28, 2021). An indictment will ordinarily be held sufficient unless no reasonable construction can be said to charge the offense. *United States v. Nabors*, 45 F.3d 238 (8th Cir. 1995). Further, an information which "tracks the statutory language" is ordinarily sufficient, even if it does not include elements of the offense as interpreted by judicial decisions. *United States v. Prelogar*, 996 F.3d 526, 531-32 (8th Cir. 2021); *United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020). Here, the government's filed information, *see* ECF No. 14, tracks the statutory language of 18 U.S.C. § 111, a fact that Vermie concedes. (see ECF No. 24). Because it tracks the statutory language, the Information is sufficient on its face. *See United States v. Lopez*, No. 25-230 (JRT/DJF), 2026 WL 207356 at *3 (D. Minn. Jan. 27, 2026) (holding that an Indictment that tracked the statutory language of 18 U.S.C. § 111(a)(1) was facially sufficient). In addition to the statutory language, the information apprises Vermie of the time frame of the alleged violation of 18 U.S.C. 111(a)(1), (ECF No. 14), which the Eighth Circuit has recognized provides sufficient specific facts constituting

the offense to put a defendant on notice of what conduct the allegation concerns. *See United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011) (affirming the denial of a motion to dismiss an indictment as insufficient, where the indictment set forth the offense in the words of the statute itself, and provided the defendant the time frame of the alleged drug conspiracy and the type of drugs involved);  *see also United States v. Olderbak*, 961 F.2d 756, 759-60 (8th Cir. 1992) (affirming the denial of a motion to dismiss an indictment as insufficient when the indictment listed a limiting time frame and specified which drugs were involved and therefore the defendants could not "have failed to realize exactly what conduct" would be at issue at trial). Therefore, the Information informs Vermie of the charges and enables him to plead an acquittal or conviction as a bar to any future prosecution for the same offense.

Vermie argues the Information is insufficient because it fails to allege that he assaulted (or resisted, impeded, etc.) the federal officer "voluntarily and intentionally." (ECF No. 24, at 2.).  In support of that argument, Vermie cites *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001) for the proposition that "a charging document is insufficient when a key element of the charge is not included." (ECF No. 24, at 1.)  This argument fails.  *Olson* involved an Indictment that failed to include an element that was contained in the statutory language.  262 F.3d at 798-99 (noting that the bank robbery

3

statute required the taking of property "by force and violence, or by intimidation" while the indictment merely alleged a generic taking). This is not the case here because, as noted above, the Information tracks the statutory language. Even if the government must prove Vermie committed acts "voluntarily and intentionally" at trial, the Information is not insufficient for failing to include that language. *See Prelogar*, 996 F.3d at 531-32 (failure to allege two elements imposed by a Supreme Court decision did not render the indictment insufficient where it tracked the statutory language).

Vermie cites no authority requiring an information or indictment tracking the language of 18 U.S.C. § 111 to identify the act in question was done "voluntarily and intentionally." To the contrary, this Court has denied a motion to dismiss an indictment with language identical to the language in the Information. *Lopez*, 2026 WL 207356. Here, it is undisputed that the government's Information tracks the statutory language, and like *Lopez*, the charging instrument is therefore sufficient to allege a violation of 18 U.S.C. 111(a)(1). (ECF No. 19)

Lastly, Vermie notes to the Court that a motion to strike the appearance of the Government's Counsel is pending in *U.S. v. Paul E. Johnson*, 26-mj-81 (KMM/SGE) (ECF No. 24). Johnson argues that a U.S. Army Judge Advocate is prohibited from appearing for the Government based on the Posse Comitatus Act. Vermie is correct that a U.S. Army Judge Advocate signed the charging

4

instrument in this case. The Government's position is that an attorney properly admitted to appear in this district signed the information charging Vermie.

## CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Vermie's Motion to Dismiss for Failure to State an Offense.

Dated: March 27, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Zain Abid*

BY: Zain Abid
Special Assistant U.S. Attorney

5