UNITED STATES OF AMERICA,

      Plaintiff,

  v.

WILLIAM VERMIE,

      Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Zain Abid, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Dismiss for Lack of Probable Cause (ECF No. 27). The Government opposes this motion for the reasons set forth below.

Vermie moves this Court to dismiss the Information for lack of probable cause. He alleges there is "simply no evidence the Government can produce in this case that establishes probable cause." (ECF No. 27). Vermie's motion fails, however, because he is not entitled to challenge the Information based on an alleged lack of probable cause.

Federal Rule of Criminal Procedure 12 governs pretrial motions in a criminal case. Rule 12(b)(1) provides that a party may raise by pre-trial motion any defense that "the court can determine without a trial on the merits." Under

Fed. R. Crim. P. Rule 12(d), the court must resolve every pretrial motion before trial "unless it finds good cause to defer a ruling." Good cause exists and a decision should be deferred if disposing of the pretrial motion requires making factual determinations that "fall [] within the province of the ultimate finder of fact." *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). Furthermore, there is no procedure in federal criminal cases equivalent to the motion for summary judgment in civil cases, and the Government has no duty to reveal all of its proof before trial. *United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (citing *United States v. Nabors,* 45 F.3d 238 (8th Cir. 1995)). Permitting summary judgment like motions under Fed. R. Crim. P. 12(b) would enable an end-run around the calibrated framework for discovery in criminal cases. *Id.* at 607. Therefore, Rule 12 permits pretrial resolution of a motion to dismiss the indictment ***only when*** "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* (quoting *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010)). In considering a motion to dismiss, a district court may not "make factual findings when an issue is inevitably bound up with evidence abut the alleged offense itself." *Id.* (citing *Turner*, 842 F.3d at 605).

Here, Vermie argues that there is "no evidence the Government can produce in this case that establishes probable cause that an Immigration and Customs employee suffered an injury or that a reasonable law enforcement

2

officer would have been in fear of immediate bodily harm." (ECF No. 27.) This argument invites the Court to take up the mantle of the ultimate factfinder in the case and engage in precisely the kind of summary judgment-like procedure that the Eighth Circuit has ruled is unavailable in criminal cases. Moreover, in arguing that there is no probable cause to support an assault on an officer, Vermie fails to recognize that the Information also alleges that he did forcibly "resist, oppose, impede, intimidate, and interfere" with a federal officer. (ECF No. 19.) As even Vermie appears to acknowledge in his own motion, there is evidence demonstrating his forcible assaulting, opposing, intimidating, and interfering with a federal officer conducting his official duties. Whether Vermie's conduct meets the elements of the crime charged is a matter for the fact finder. Because his motion would require this Court to resolve factual issues and therefore would require it to conduct a trial on the merits, contrary to Fed. R. Crim. P. Rule 12(b) and (d), this motion should be denied. *See Grubb*, 135 F.4th at 607.

Moreover, and as correctly stated in Vermie's motion, *see* ECF No. 27, an Information generally cannot be challenged for lack of probable cause. *See United States v. Funk*, 412 F.2d 452. 455 (8th Cir. 1969). Indeed, by the use of the Information for lesser crimes, the issues of probable cause and guilt become merged and tried together. *Id* at 455.

Vermie cites *Nabors*, 45 F.3d at 240 for the proposition that "courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." (ECF No. 27.) This use of *Nabors* is misleading. In *Nabors,* the Eighth Circuit did not hold that an information can be challenged for a lack of probable cause "when no reasonable construction can be said to charge the offence." 45 F.3d at 240. Rather, the Eighth Circuit examined the sufficiency of the Government's indictment as a matter of law, and not for a lack of probable cause. *See Id* at 240.

Finally, the Government also notes that Federal Magistrate Judge Shannon G. Elkins found probable cause to support the charges against the defendant by signing the complaint against Vermie (ECF No. 1), and thus, probable cause has already been established by this Court.

### CONCLUSION.

Based on the foregoing, the United States respectfully requests that the Court deny Vermie's Motion to Dismiss for Lack of Probable Cause.

Dated: March 27, 2026

                                        Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Zain Abid*

BY: Zain Abid
Special Assistant U.S. Attorney